PREMIER ELECTRICAL CONSTRUCTION COMPANY, Plaintiff, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants (Federal Insurance Company, Counterplaintiff-Appellee; Morse Diesel, Inc., Counterdefendant-Appellant).

First District (3rd Division)  No. 1—90—3287

Opinion filed September 30, 1992.—Rehearing denied November 6, 1992.

Constantine J. Gekas and Krista L. Peterson, both of Harvitt & Gekas, Ltd., of Chicago, and Peter M. D'Ambrosio, of Smith, Packter, McWhorter & D'Ambrosio, of Vienna, Virginia, for appellant.

Douglas M. Reimer, John T. Schriver, and Michael D. Phillips, all of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Counterplaintiff Federal Insurance Company (Federal) counterclaimed against counterdefendant Morse/Diesel, Inc. (Morse/Diesel), for indemnification of its attorney fees and costs incurred when de-

fending against allegations raised in count V of Premier Electrical Construction Company's (Premier's) complaint. On appeal, Morse/Diesel asserts that the trial court erred when it found that the indemnification agreement terms entitled Federal to indemnification. We affirm the trial court's summary judgment, which requires Morse/Diesel to indemnify Federal for its defense against allegations raised in count V.

On July 27, 1977, Morse/Diesel, as principal, and Federal, as surety, entered into a "General Agreement of Indemnity" (Indemnity Agreement). In its pertinent part, the Indemnity Agreement states:

> "[I]n consideration of [Federal] executing said bond or bonds, and the undersigned Indemnitor [Morse/Diesel] hereby requests the execution thereof, *** [Morse/Diesel] being benefited by the execution and delivery of said bond or bonds, hereby agrees that it will at all times indemnify and save harmless [Federal] from and against any and all loss, damage or expense including court costs and attorneys' fees which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder."

On December 17, 1980, Morse/Diesel contracted to be general contractor for remodeling and renovation at 666 North Lake Shore Drive in Chicago (Project). A month later, on January 13, 1981, Morse/Diesel subcontracted with Premier for electrical construction at the Project. On February 6, 1981, Federal issued a "Labor and Material Payment Bond" (Bond) with respect to the Project with Federal as surety, Morse/Diesel as principal, and 666 Associates and others as obligees.

After Morse/Diesel failed to pay Premier for all the work Premier finished, Premier filed suit against Morse/Diesel and Federal in January 1984. Count III of the complaint sought $533,241.50 against Morse/Diesel and Federal on the payment bond.

When Federal was served with Premier's lawsuit, Federal asked Morse/Diesel to defend and hold Federal harmless under Morse/Diesel's obligations pursuant to the Indemnity Agreement. Morse/Diesel agreed to defend Federal on count III. Thus, from February 15, 1984, until January 26, 1989, Morse/Diesel's attorneys represented Federal on count III. On November 23, 1988, a partial summary judgment on count III was entered in favor of Premier and against Federal and Morse/Diesel. Indemnification with regard to count III is not an issue in this appeal.

The trial court then granted Premier leave to amend its complaint to add count V, alleging that Federal had violated section 154.6 of the

Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 766.6) and in bad faith failed to investigate the Bond claim Premier had submitted to Federal. Count V claimed that after serving its notice of mechanic's lien on May 13, 1983, and its claim on bond on July 28, 1983, Federal did not acknowledge notice until six months later. Premier claimed that Federal had a common-law obligation to fairly deal in good faith with Premier, and failed to adopt standards for prompt investigations of claims pursuant to section 154.6 of the Illinois Insurance Code. Ill. Rev. Stat. 1987, ch. 73, par. 766.6.

Premier further claimed that Federal failed to come to a good-faith determination as to the validity of Premier's claims for over five years while for the same period denying Premier payment.

Upon receipt of the motion to add count V, Morse/Diesel notified Federal that it would not indemnify Federal because it did not consider count V to be a claim arising under the Bond. Morse/Diesel advised Federal to retain separate counsel for its defense against count V. Shortly after the notice, Federal retained its own counsel, who filed a counterclaim against Morse/Diesel seeking indemnification by Morse/Diesel for any liability, attorney fees, and costs arising from count V.

On September 4, 1990, the trial court granted Federal's motion for summary judgment on count V. The trial court then heard oral argument on Federal's counterclaim against Morse/Diesel, which was based on stipulated facts. The trial court ruled that the Indemnity Agreement obligated Morse/Diesel to indemnify Federal for Federal's expense in defending against Premier's count V, and entered judgment for Federal in the amount of $100,000. In his ruling, the trial judge stated that the language in the Indemnity Agreement was ambiguous, but logic alone indicated that Morse/Diesel should pay attorney fees and court costs. Morse/Diesel then filed this appeal.

Morse/Diesel's argument on appeal characterizes Premier's count V as an action based on Federal's negligence and bad-faith dealing. Morse/Diesel asserts that strict construction of the Indemnity Agreement's language clearly and expressly limits indemnification to damages incurred by reason of Federal's execution and delivery of the Bond, and should not be extended to indemnify Federal's own negligence and bad faith.

Interpreting the Indemnity Agreement's language, Morse/Diesel contends that holding it liable for the costs Federal incurred in defending against count V would add a new provision to the Indemnity Agreement. Morse/Diesel maintains that the Indemnity Agreement's language "by reason of its execution and/or delivery of the bond"

does not include the allegations of count V because it is only tangentially related to Federal's execution or delivery of the Bond.

Federal argues that Premier's entire claim was improper because the Illinois Insurance Code does not provide for a private right of action for improper claims practices in violation of .section 154.6 of the Insurance Code. In addition, Federal argues that it issued the bond in reliance on Morse/Diesel's obligations under the Indemnity Agreement, whose language clearly and unambiguously provides for indemnity according to their terms, including the reimbursement of attorney fees.

■■■ Ordinarily, a principal is not liable for a surety's own negligence. (Ill. Rev. Stat. 1979, ch. 29, par. 63.) In this case, however, the principal, Morse/Diesel, was involved in the delay alleged in count V. In response to Premier's filing of count III, Morse/Diesel agreed to defend Federal against Premier's allegations. From 1984 to 1989, when Morse/Diesel informed Federal that it would not defend it against Premier's allegations in count V, Morse/Diesel's attorneys represented Federal. Since Morse/Diesel was in charge of Federal's defense on count III, it was involved in the long delay of the payment on the claim. Therefore, we reject Morse/Diesel's argument that it is not required to indemnify Federal for its attorney fees and costs in defending against count V of Premier's complaint. As a result, the trial court did not abuse its discretion in granting summary judgment in favor of Federal.

■■ In addition, Federal is entitled to attorney fees for defending this appeal. The Indemnity Agreement's language includes attorney fees and court costs for defending this appeal. In *In re Estate of Szorek* (1990), 194 Ill. App. 3d 750, 760-61, 551 N.E.2d 697, the court ruled that similar language of the written agreement included attorney fees and litigation costs on appeal as well as at the trial level.

Based on the foregoing, the circuit court judgment is affirmed.

Affirmed.

GREIMAN, P.J., and RIZZI, J., concur.